■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES BOLAR, Appellant.—Judgment, Supreme Court, Bronx County, rendered March 18, 1974, convicting defendant, upon his plea of guilty, of the crime of attempted possession of a dangerous drug in the fourth degree, unanimously reversed, on the law, to the extent of vacating the conviction, granting the defendant's motion to suppress and remanding the case for further proceedings not inconsistent with this decision. The pertinent facts presented by the record herein are as follows: Detective John Clinton had obtained a description of the two perpetrators responsible for the gunpoint robbery at a token booth in a subway station whereby a number of tokens were stolen. He related that this description was compiled from information received from the complainant, a Mrs. Amos, and from Officer McCauley, who gave the name and address of the defendant. Officer McCauley did not testify at the suppression hearing and the basis of the information he gave to Clinton does not appear in the record. Detective Clinton accompanied by four other detectives from the robbery squad of the transit police went to defendant's home in the early morning of March 11, 1975, without an arrest or search warrant. Their avowed purpose was to take the defendant to the police station for an "investigatory" lineup in connection with the March 7, 1975 token robbery. Upon knocking at the door and responding to inquiry from within that they were "police", the door was opened by defendant, who immediately turned and fled down the 10-foot hallway to the back of his apartment, pursued by the police, one of whom had his gun drawn. Defendant was apprehended near a window with a suitcase in his hands and the police, believing he was in the act of disposing of the suitcase, engaged in a tussle with defendant, wresting the suitcase from him. Upon opening the suitcase, heroin, some 70 tokens and several revolvers were revealed. Defendant was arrested. Subsequently he was placed in a lineup, but was not identified by the complainant in the robbery case. At the pretrial hearing on the motion to suppress the physical evidence seized, defendant presented no evidence or testimony on his behalf. Following denial of the

motion, defendant pleaded guilty as above indicated. Patently, there was time for the law enforcement officials to obtain an arrest or search warrant. The circumstances surrounding the entry of the police into defendant's premises, thus viewed, cast grave suspicion on the alleged "investigatory" purpose of their visit. Credibility is strained by the proffered version of the entry, namely, that defendant opened the door to his home after being properly informed of the officers' authority, and then fled within the precincts of his home from said officers who had neither a search warrant nor a warrant of arrest. Confronted by the above and the concession on argument by the People that up to the time the police appeared at the door of defendant's home there was no probable cause to arrest defendant, we must conclude that the authorities intended to make a warrantless arrest without probable cause. Accordingly, the defendant's motion to suppress must be granted. Concur—Stevens, P. J., Kupferman, Murphy, Lupiano and Tilzer, JJ.